UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IEASHA SMART,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, BROWNSVILLE COMMUNITY
DEVELOPMENT CORPORATION, HELP USA, INC.,
CRYSTAL MORALES, EARLINE JOHNSON, SHERRI
SILVER, LISA RAMOS, MIGUEL MARTINEZ, FREDDY
CALHOUN,

                              Defendants.

JURY TRIAL DEMANDED

Civil Action No.:

**AMENDED VERIFIED
COMPLAINT**

**IEASHA SMART** ("Plaintiff"), by her attorneys, THE LAW OFFICE OF BRYAN

J. SWERLING, P.C. complaining of the defendants herein, respectfully shows to this

Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against

defendant municipality, THE CITY OF NEW YORK (hereinafter referred to as "CITY"),

the defendants, CRYSTAL MORALES (hereinafter referred to as "MORALES"),

EARLINE JOHNSON, (hereinafter referred to as "JOHNSON"), SHERRI SILVER,

(hereinafter referred to as "SILVER"), LISA RAMOS (hereinafter referred to as

"RAMOS"), MIGUEL MARTINEZ (hereinafter refered to as "MARTINEZ") and

FREDDY CALHOUN (hereinafter referred to as "CALHOUN"), who participated in the

false imprisonment, detention, excessive force, assault, battery, and violation of the civil

rights of plaintiff.

2.  It is alleged that on November 24, 2012, at approximately 7:45 p.m and

thereafter, officers MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and

CALHOUN of DHS and/or the NYPD, and as agents, servants and/or employees of

defendant CITY, acting in concert, under color of state laws, intentionally and willfully subjected plaintiff to, inter alia, false imprisonment, detention, assault, battery, excessive force, violating the civil rights of plaintiff, and personal injuries, for acts of which plaintiff was innocent, while she was a resident at the BROWNSVILLE MULTI-SERVICE FAMILY HEALTH CENTER which upon information and belief was run by HELP USA, INC.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367(a), in that it alleges claims for relief arising under 42 U.S.C. 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York.

4.  Additionally, the Court has pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

5. Venue is laid within the United States District Court for the Eastern District of New York and is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of this district or, in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times hereinafter mentioned, plaintiff was and is a citizen of the United States and at all times relevant hereto resided in the County of Kings, in the State of New York.

7.  At all times relevant and material herein, the defendant CITY was and still is a domestic municipal corporation and a subdivision of the State of New York, duly organized and existing pursuant to the Constitution and under and by virtue of the Laws of the State of New York.

8.  At all times relevant and material herein, NYPD was a subdivision, department or agency of defendant CITY.

9.  At all times relevant and material herein, the DHS was a subdivision, department or agency of the defendant CITY.

10.  At all times relevant and material herein, BROWNSVILLE is a Domestic Not-For-Profit Corporation duly organized and existing by virtue of the Laws of the State of New York.

11.  At all times relevant and material, HELP, USA, INC. is a foreign business corporation duly organized and existing by virtue of the Laws of the State of Delaware.

12.  At all times relevant and material herein, the defendant MORALES was an employee of defendant CITY, duly appointed and acting as a peace officer in the NYPD and/or DHS and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer.

13. At all times relevant and material herein, the defendant MORALES was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of her functions in the course of his duties.  She is sued individually and in her supervisory capacity.

14.  At all times relevant and material herein, the defendant JOHNSON was an employee of defendant CITY, duly appointed and acting as a peace officer in the NYPD and/or DHS and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer.

15.  At all times relevant and material herein, the defendant JOHNSON was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of her functions in the course of his duties.  She is sued individually and in her supervisory capacity.

16.  At all times relevant and material herein, the defendant SILVER was an employee of defendant CITY, duly appointed and acting as a peace officer in the NYPD and/or DHS and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer.

17.  At all times relevant and material herein, the defendant SILVER was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of her functions in the course of his duties.  She is sued individually and in her supervisory capacity.

16.  At all times relevant and material herein, the defendant RAMOS was an employee of defendant CITY, duly appointed and acting as a peace officer in the NYPD and/or DHS and was an agent, servant and/or employee of defendant CITY, acting in the

course and scope of her employment as such and in furtherance of the interests and business of said employer.

17. At all times relevant and material herein, the defendant RAMOS was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of her employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of her functions in the course of his duties.  She is sued individually and in her supervisory capacity.

16. At all times relevant and material herein, the defendant MARTINEZ was an employee of defendant CITY, duly appointed and acting as a peace officer in the NYPD and/or DHS and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

17. At all times relevant and material herein, the defendant MARTINEZ was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

16. At all times relevant and material herein, the defendant CALHOUN was an employee of defendant CITY, duly appointed and acting as a peace officer in the NYPD and/or DHS and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

17.  At all times relevant and material herein, the defendant CALHOUN was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

18.  At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY and the State of New York.

## NOTICE OF CLAIM

19.  Within 90 days following the incident, plaintiff filed a written Notice of Claim with defendant CITY.  This matter has not been settled or otherwise disposed of.

20.  The City waived their right to a 50-H hearing by failing to reschedule after several attempts on Plaintiff's part.

## FACTUAL ALLEGATIONS

21.  At all times relevant and material herein, the defendant CITY operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

22.  At all times relevant and material herein, the defendant DHS and/or NYPD operated, maintained, managed, supervised and controlled a DHS police or peace officer force as part of and in conjunction with its municipal functions.

23.  At all times relevant and material herein, the defendant DHS and/or NYPD operated, maintained, managed, supervised, trained, and controlled a police or peace officer force as part of and in conjunction with its municipal functions for DHS.

24.  At all times relevant and material herein, the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN were each employees of the CITY, and the NYPD and/or DHS.

25. That at all times hereinafter mentioned and upon information and belief, the defendant CITY employed and supervised the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

26. That at all times hereinafter mentioned and upon information and belief, the defendant DHS employed and supervised the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

27. That at all times hereinafter mentioned and upon information and belief, the defendant NYPD employed and supervised the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

28. That at all times hereinafter mentioned and upon information and belief, the defendant BROWNSVILLE employed and supervised the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

29. That at all times hereinafter mentioned and upon information and belief, the defendant HELP USA, INC. employed and supervised the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

30. Upon information and belief, the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN were trained by the NYPD and/or DHS.

31. At all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train, within the NYPD and at the Command, Precinct and Patrol levels, the defendant officers, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a

manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

32. In addition, at all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train within the NYPD and at the Command, Precinct and Patrol levels the defendant officers, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

33. At all times hereinafter mentioned, upon information and belief, the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN were acting in their capacities as employees, agents or servants of the defendant CITY.

34. At all times hereinafter mentioned, the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN were acting under color of law.

35. At all times hereinafter mentioned, the defendants' acts constituted state action.

36. At approximately 7:45 p.m., on or about November 24, 2012, plaintiff was at or near 116 Williams Avenue, 2nd Floor, County of Kings, City and State of New York.

37. Additionally, on or about November 24, 2012, the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN were on duty and/or acting as employees, agents or servants of the defendant CITY, and were also present at the same time and in the same place as plaintiff, as aforesaid.

38. On or about November 24, 2012 and thereafter, the defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, employees of defendant CITY, stopped and detained without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to detain the plaintiff.

39. Upon information and belief, at all times herein mentioned, defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, employees of

8

defendant CITY, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped and detained plaintiff when it was not right, just, lawful, proper, or necessary to do so.

40. Upon information and belief, at all times herein mentioned, defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, employees of defendant CITY, detained, attacked, beat, battered, intimidated, kicked, threatened, menaced, chased, jumped on, pushed to the ground, and thrashed plaintiff, and further assaulted plaintiff, causing her to sustain severe and personal injuries.

41. In addition to the defendants' willful and intentional attack upon plaintiff, the defendants intentionally held and restrained plaintiff without her consent.

42. Upon information and belief, at all times herein mentioned, defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, employees of defendant CITY, used excessive force and deadly physical force upon the plaintiff, thereby causing her to sustain severe and permanent injuries.

43. Upon information and belief, at all times herein mentioned, defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, employees of defendant CITY, while acting in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, and restrained the plaintiff of her liberty, against the will of the plaintiff.

44. The detainment of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

45. Defendants acted maliciously and intentionally.

46. Plaintiff was thereupon and thereafter detained and restrained of her liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was

confined in various places, more specifically the Brownsville Multi-Service Family Health Center.

47. Eventually, the plaintiff was released from such confinement and detention.

48. All of the defendants' acts described in the preceding paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

49. Upon information and belief, at all times herein mentioned, and without proof that plaintiff was in any way connected or related to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop plaintiff, nor probable cause to detain plaintiff, defendant CITY's employees, including defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

50. By reason of the foregoing acts by the defendants, as a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain.

51. By reason of the foregoing acts by the defendants, plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

52. By reason of the foregoing, plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar expenses.

53. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff felt grave fear and intimidation for her safety and well being by virtue of the intentional, deliberate and malicious acts of the officers including the manner in which they assaulted, battered, attacked and detained her.

10

54. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of her person and freedom from the use of excessive, unreasonable and unjustified force against a person.

## ALLEGATIONS PERTAINING TO PLAINTIFF'S
## CLAIMS UNDER STATE LAW

55. Before the commencement of this action, on or about January 15, 2013, or within the time mandated by law, a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

56. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

57. The defendant CITY waived their right to an oral examination of Plaintiff.

58. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

## FIRST CLAIM FOR RELIEF
## AGAINST INDIVIDUAL DEFENDANTS

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

59.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "58", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

11

60.     The defendants, acting in concert and under the color of law, have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

61.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
ASSAULT

62.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "61", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

63.     Upon approaching plaintiff and while in the process of detaining her, defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN employees of defendant CITY, NYPD and/ or DHS while acting in concert, made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

64.     Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the constitution.

65.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### THIRD CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
BATTERY

66.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "65", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

67.     Defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, employees of defendant CITY, NYPD and/or DHS while acting in concert, assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, jumped on, pushed to the ground, thrashed, beat with nightsticks, punched, shoved and pushed the plaintiff.

68.     That the aforesaid conduct by defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN was without the consent of the plaintiff.

69.     That the aforesaid conduct by defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN was offensive in nature.

70.     That the aforesaid conduct by defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN was intentional.

71.     That the aforesaid conduct by defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to the plaintiff.

72.     Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the constitution.

73.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish,

distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FOURTH CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
FALSE IMPRISONMENT

74.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "73", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

75.    The defendants, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN employees of the CITY, NYPD and/or DHS detained and falsely imprisoned plaintiff, without warrant, even though they knew or should have known that she was wholly innocent of any crime.

76.    Defendants, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN subjected plaintiff to detainment, false imprisonment, and deprivation of liberty without probable cause.

77.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "77", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

79.     Defendants, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN employees of the CITY, NYPD and/or DHS, conduct in assaulting, battering and falsely imprisoning and plaintiff was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

80.     Defendants' MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

81.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**SIXTH CLAIM FOR RELIEF**
AGAINST INDIVIDUAL DEFENDANTS
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "81", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

81.     Defendants, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN employees of the CITY, NYPD and/or DHS, conduct, in assaulting, battering and falsely arresting and imprisoning plaintiff was careless and negligent as to the emotional health of plaintiff.

83.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish,

15

distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### COMMON LAW NEGLIGENCE

84.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "83", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

85.     Defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN were negligent in their conduct, in causing, or allowing, the aforesaid occurrence to take place.

86.     Defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN employees of defendant CITY, NYPD and/or DHS while acting in concert, negligently assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, jumped on, pushed to the ground, thrashed, beat with nightsticks, punched, shoved and pushed the plaintiff.

87.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## EIGHTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY
### COMMON LAW NEGLIGENCE

88.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "87", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

89.     Defendant CITY was negligent in its operation, management, supervision and control of DHS and/ or NYPD.

90.     Defendant CITY was negligent in its hiring, training and evaluating its agents, servants and employees, including but not limited to defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

91.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**NINTH CLAIM FOR RELIEF**
MUNICIPAL LIABILITY AGAINST DEFENDANT CITY
*respondeat superior*

92.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "91", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

93.     Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior.*

94.     Defendant CITY, by their agents, servants and employees, subjected plaintiff to detainment, assault, battery, false imprisonment, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

95.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish,

distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## TENTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANT CITY
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

96.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "95", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

97.    Defendant CITY knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

98.    Prior to November 24, 2012, defendant CITY developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

99.    Upon information and belief, it was the policy and/or custom of defendant CITY to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by defendant CITY, including, but not limited to incidents where defendants and their supervisors have in the past falsely detained individuals without probable cause, improperly held and/or detained such individuals without probable cause.

100.    It was the policy and/or custom of defendants CITY to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

Defendant CITY did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

101.   As a result of the above described policies and/or customs, police officers of the DHS and/or NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

102.   The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the defendant CITY to the constitutional rights of persons within the City of New York, and were the cause of the violations of plaintiff's rights alleged herein.

103.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### ELEVENTH CLAIM FOR RELIEF
UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

104.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "103", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

105.   By their conduct, defendants CITY, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN, under color of law, deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

106.   Plaintiff claims damages for the injuries set forth above.

## TWELFTH CLAIM FOR RELIEF
DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT
WHILE IN CUSTODY

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

107.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "106", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

108.   By their conduct and under color of law, defendants CITY, MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN deprived plaintiff of her constitutional right to immediate medical treatment and failed to protect her once she became a detained thus perpetuating and exacerbating his physical and mental pain and suffering.

## THIRTEENTH CLAIM FOR RELIEF
LIABILITY AGAINST DEFENDANTS BROWNSVILLE AND HELP USA, INC.
COMMON LAW NEGLIGENCE

109.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "108", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

110.   Defendant BROWNSVILLE was negligent in its maintenance, operation, management, supervision and control of Brownsville Multi-Service Family Health Center.

111.   Defendant HELP USA, INC. was negligent in its maintenance, operation, management, supervision and control of Brownsville Multi-Service Family Health Center.

112.   Defendants BROWNSVILLE and HELP USA, INC. were negligent in its hiring, training and evaluating its agents, servants and employees, including but not limited to defendants MORALES, JOHNSON, SILVER, RAMOS, MARTINEZ and CALHOUN.

113.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### FOURTEENTH CLAIM FOR RELIEF
LIABILITY AGAINST DEFENDANTS BROWNSVILLE AND HELP USA, INC.
*respondeat superior*

114.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "113", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

115.   Defendants BROWNSVILLE and HELP USA, INC. are liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior.*

116.   Defendants BROWNSVILLE and HELP USA, INC., by their agents, servants and employees, subjected plaintiff to detainment, assault, battery, false imprisonment, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

117.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiff demands an

additional sum of punitive damages on each Claim for Relief, to be determined at the trial

of this action and, in the event plaintiff is a prevailing party, attorneys' fees, interest, costs,

disbursements and such other relief as to this Court shall seem just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated:     New York, New York
           October 29, 2014

                    Yours, etc.,

                    THE LAW OFFICE OF BRYAN J. SWERLING
                    Attorneys for Plaintiff


                    By:  Bryan J. Swerling (BS 5447)
                    15 Maiden Lane, Suite 2005
                    New York, New York 10038-4369
                    Tel.:  (212) 571-5757